# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7811 | **DATE** | 4/16/2002 |
| **CASE TITLE** | Unique Envelope Corp. vs. GSAmerica, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Unique's motion to dismiss is granted in part and denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 18 2002 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 43 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNIQUE ENVELOPE CORP., an Illinois corporation | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| GSAMERICA, INC., a Tennessee corporation, | )<br>) Case No. 00 C 7811<br>) |
| Defendants. | ) Wayne R. Andersen<br>) District Judge<br>) |
| GSAMERICA, INC., a Tennesee corporation, | )<br>)<br>) |
| Counter-Plaintiffs, | )<br>) |
| v. | )<br>) |
| UNIQUE ENVELOPE CORP., an Illinois corporation, MELVIN KOZBIEL, COLETTE KOZBIEL, AND DARREL KOZBIEL | )<br>)<br>)<br>) |
| Counter-Defendant. | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of Plaintiff/Counter-Defendant Unique Envelope ("Unique") to dismiss Counts II, III and IV of Defendant/Counter-Plaintiff GSAmerica's ("GSA") second amended counterclaim pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, we grant in part and deny in part Unique's motion to dismiss.

## BACKGROUND

Unique has filed a motion to dismiss GSA's amended counterclaim. Instead of filing a response to the motion to dismiss, GSA filed a motion for leave to file a second amended

counterclaim. We hereby give GSA leave to file its second amended counterclaim, and we will consider Unique's motion to dismiss as to the second amended counterclaim.

The following allegations are taken from the second amended counterclaim. GSA is in the business of print management as a "middleman." GSA buys printing products to sell to customers for use in the customers' printing business. Unique manufactures envelopes and provides printing and lithographic services. Counter-defendant Melvin Kozbiel ("Melvin") is Unique's president and Board member and owns 60 percent of the company. Counter-defendant Colette Kozbiel ("Colette") supervises Unique's finances, is a member of Unique's Board of Directors, and has owns 40 percent of the company. Counter-defendant Darrel Kozbiel ("Darrel") is in charge of Unique's production line. GSA and Unique entered into an agreement whereby Unique promised to deliver envelopes for a Christmas card line to GSA. In its counterclaim, GSA alleges that Unique failed to deliver the envelopes as promised and that GSA was damaged as a result.

In January 1997, GSA entered into a business relationship with Empress Greetings, Inc. to provide print management services for Empress' TVA Christmas line ("TVA"). In April 1997, GSA began a search for a vendor to produce envelopes for the TVA line. On April 15, 1997, in an effort to win the TVA account, Darrel traveled to California on behalf of Unique to meet with GSA president Louis Rosenberg. At that meeting, Darrel allegedly represented that Unique was familiar with the industry standards for premium Christmas card lines and acknowledged that the TVA line was a premium Christmas card line. He also allegedly represented that Unique had substantial experience producing envelopes of quality equal to those produced for the TVA line and would produce envelopes equal in quality to the TVA line produced by a previous vender.

2

In addition, Darrel allegedly stated that Unique understood the critical nature of delivery times for the seasonal TVA Christmas line and that Unique could meet the delivery schedule if chosen by GSA to be the vendor for the TVA line. Unique also allegedly represented that it was familiar with the practice in the Christmas card industry of providing payment terms known as partial Christmas dating, which means that thirty percent of the payment was due net 90 days and seventy percent was due the following January 10th. Unique allegedly promised that it would provide GSA partial Christmas dating for all of the projected envelopes for the TVA line. The parties discussed the possibility of Unique purchasing an envelope manufacturing machine used by the vendor that had previously produced the TVA line.

At that meeting, Unique reviewed samples of previous TVA lines and subsequently offered GSA the following proposed agreement to produce the TVA line: 1) Unique would provide GSA with partial Christmas dating; 2) Unique would adhere to the delivery schedules required by GSA; 3) Unique would provide envelopes in the quantities required by GSA; 4) Unique would provide envelopes to GSA pursuant to industry standards and, specifically, of the same quality as the samples provided to Unique by GSA; and 5) Unique would purchase the envelope manufacturing machine from the previous vendor of the TVA line. In reliance on the above representations made by Darrel on behalf of Unique and the terms of the proposed agreement, GSA entered into a contract whereby Unique became the vendor for the TVA line.

GSA has filed a four-count second amended counterclaim against Unique alleging the following claims: breach of contract against Unique (Count I); fraud against Darrel Kozbiel (Count II); fraud against Melvin and Colette Kozbiel (Count III); and tortious interference with prospective economic advantage against Unique (Count IV). Unique's motion to dismiss seeks to dismiss only counts II, III and IV.

3

## DISCUSSION

When deciding a motion to dismiss, we consider all of the allegations of the complaint to be true and view all well-pleaded facts and any reasonable inferences drawn from the facts in the light most favorable to the plaintiff. *Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994)*. Dismissal is proper only if it is clear from the complaint that no set of facts consistent with its allegations would entitle plaintiff to relief. *Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)*.

### I. Fraud

To state a claim for common law fraud, plaintiff must allege that: 1) defendant made a statement (or omission); 2) the statement was material; 3) the statement was untrue; 4) the defendant knew the statement was untrue or was in culpable ignorance of the statement's veracity; 5) the defendant had the intent that plaintiff rely on the statement; 6) plaintiff actually relied on the statement; and 7) the plaintiff suffered damage. *Small v. Sussman*, 713 N.E.2d 1216, 1221 (Ill.App.1999). In addition to these elements, a plaintiff pleading fraud in federal court must satisfy the particularity requirements of Fed.R.Civ.P. 9(b).

GSA alleges fraud against Darrel Kozbiel (Count II) and Melvin and Colette Kozbiel (Count III) asserting that Darrel represented that: 1) Unique would provide partial Christmas dating for envelopes Unique manufactured for the TVA line; 2) Unique would meet all of GSA's requirements for the TVA line without placing a credit limit on GSA; 3) Unique had substantial experience in producing envelopes of quality equal to those previously produced for the TVA

4

line; 4) Unique would deliver envelopes on time; and 5) Unique would deliver envelopes of high quality.

GSA further alleges that these representations were false statements of material fact that Darrel, Melvin and Colette knew were untrue. GSA claims that the statements were made for the purpose of inducing GSA to award Unique the TVA account. GSA claims that it had a right to rely on these statements, that it did rely on these statements, and that by relying on these statements it was injured.

In evaluating whether GSA has stated a cause of action for fraud, we must first determine whether the representations made were statements or omissions of material fact and not mere promises or expressions of opinions. *See, e.g., Lefebvre Intergraphic, Inc. v. Sanden Machine Limited, 946 F.Supp 1358, 1364 (N.D.Ill. 1996) (citing People ex rel. Peters v. Murphy-Knight, 248 Ill.App.3d 382, 387, 187 Ill.Dec. 868, 872, 618 N.E.2d 459, 463 (1st Dist. 1993)); Equity Capital v. Kreider Transp. Serv., Inc., 967 F.2d 249 (7th Cir. 1992)).* A statement that "merely expresses an opinion or that relates to future or contingent events, rather than past or present facts, does not constitute an actionable representation." *West v. Western Cas. and Sur. Co., 846 F.2d 387, 393 (7th Cir. 1988).* The misrepresentation "must be an affirmance of fact and not a mere promise or expression of opinion or intention; or in other words 'the fraud must be in the original contract or transaction, and not in its fulfillment.'" *Lefebvre, 946 F. Supp at 1364 (citing Zabrowski v. Hoffman Rosner Corp., 43 Ill.App.3d 21, 23, 1 Ill.Dec 465, 467, 356 N.E.2d 653, 655 (2d Dist. 1976)).*

Darrel's representations that Unique would provide partial Christmas dating for envelopes Unique manufactured for the TVA line, meet all of GSA's requirements for the TVA line without placing a credit limit on GSA, deliver envelopes on time, and deliver envelopes of

5

high quality are not statements of past or present fact but are expressions of opinion or intention that relate to future events. These statements are all promises to meet the delivery, quality, and billing requirements of GSA and, therefore, the fraud with regard to these statements is not in the original contract or transaction, but in its fulfillment. Therefore, these representations are not statements of material fact and do not provide a sufficient basis for GSA to bring a cause of action for fraud.

However, Darrel's representation that Unique had substantial experience in producing envelopes of quality equal to those previously produced for the TVA line is a statement of past or present fact and, accordingly, is a statement of material fact. GSA alleges that this statement is untrue, that the counter-defendants knew it to be untrue, and that the counter-defendants made this statement for the purpose of inducing GSA to award Unique the TVA account. GSA further alleges that it had the right to rely on this statement, did rely on this statement, and was injured because it relied on this statement. Therefore, GSA has adequately stated a claim for fraud with respect to Darrel's representation that Unique had substantial experience in producing envelopes of quality equal to those previously produced for the TVA line.

Accordingly, Unique's motion to dismiss Counts II and III is denied with respect to the alleged representation made by Darrel that Unique had substantial experience producing envelopes of quality equal to those previously produced for the TVA line. The motion is granted as to the other allegations of fraud in Counts II and III.

## II. Tortious Interference With Prospective Economic Advantage

In Illinois, the elements for a tortious interference with prospective economic advantage claim are: 1) a reasonable expectancy of a valid business relationship; 2) defendant must know about it; 3) defendant must intentionally interfere and defeat this legitimate expectancy; and 4)

the intentional interference must injure the plaintiff. *Fellhauer v. City of Geneva, 190 Ill. App. 3d 592, 546 N.E.2d 791, 800, 137 Ill. Dec. 846 (Ill. App. 2nd Dist. 1989)*. A plaintiff states a cause of action only if he alleges a business expectancy with a specific third party, *Du Page Aviation v. Du Page Airport Authority, 229 Ill. App. 3d 793, 594 N.E.2d 1334, 1340-41, 171 Ill. Dec. 814 (Ill.App. 2nd Dist. 1992)*, and action by the interfering party directed toward the party with whom the plaintiff expects to do business. *Galinski v. Kessler, 134 Ill. App. 3d 602, 480 N.E.2d 1176, 1180-81, 89 Ill. Dec. 433 (Ill.App. 1st Dist. 1985); Westland v. Sero of New Haven, Inc., 601 F. Supp. 163, 165-66 (N.D.Ill. 1985)*.

GSA alleges that it entered into negotiations with a third party, Starr Toof, for the purpose of selling Starr Toof its assets. GSA claims that it reasonably expected to consummate a transaction whereby Starr Toof would purchase the assets of GSA. GSA alleges that Unique learned of its contract negotiations with Starr Toof and contacted Starr Toof for the purpose of intentionally interfering with an expected contract between it and Starr Toof. GSA further alleges that it suffered injury as a result of Unique's actions.

In this case, GSA has adequately alleged a cause of action for tortious interference with prospective economic advantage. GSA has alleged that it had a reasonable expectancy of a valid business relationship, that Unique knew about it and intentionally interfered with the expectancy. GSA further alleges that Unique's actions prevented the expectancy from happening and that it suffered injury as a result. Thus, we find that GSA has stated a cause of action for tortious interference with prospective economic advantage.

For these reasons, we deny the motion to dismiss Count IV of GSA's second amended counterclaim.

## CONCLUSION

For the foregoing reasons, we grant GSA leave to file its second amended counterclaim. We grant in part and deny in part the motion of Unique Envelope to dismiss Counts II, III and IV of GSA's second amended counterclaim. The allegations in Counts II and III pertaining to Unique's representation that it had substantial experience in producing envelopes of quality equal to those previously produced for the TVA line remain, while all other allegations in Counts II and III are dismissed. The motion with regard to Count IV of the Second Amended Counterclaim is denied.

It is so ordered.

Wayne R. Andersen

United States District Judge

Dated: April 16, 2002