Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7811 | **DATE** | 1/9/2004 |
| **CASE TITLE** | Unique Envelope Corp vs. GSAmerica Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby denies plaintiff's motion to dismiss the second amended counterclaim [79-1] and grants plaintiff's motion to bar defendants from challenging the validity of the assignment at trial [80-1]. Furthermore, the Court denies plaintiff's motions for expenses pursuant to Rule 37(c)(2) [81-1] and to stay entry of judgment pending resolution of this motion [81-2]. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **JAN 1 2 2004** date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. Faxed copies of Memorandum on 01/09/04 (MW). | | docketing deputy initials | 89 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | '04 JAN 12 PM 7:58 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNIQUE ENVELOPE CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GS AMERICA, INC., and FRANK ) <br> ROSENBERG, ) <br> ) <br> Defendant. ) <br>_____) <br> GS AMERICA, INC., ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIQUE ENVELOPE CORP., et al., ) <br> ) <br> Counter-Defendants. ) | No. 00 C 7811 <br><br> DOCKETED <br> JAN 1 2 2004 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff/Counter-Defendant Unique Envelope Corp.'s ("Unique") motion to dismiss Defendant/Counter-Plaintiff GS America, Inc.'s ("GSA") second amended counterclaim, motion to bar Defendants from challenging the validity of the assignment of claims to Unique at trial, and motion for expenses. For the reasons stated below we deny the motion to dismiss, deny the motion for expenses without prejudice, and grant the motion to bar.

## BACKGROUND

Melvin Kozbiel ("Kozbiel") operated a business named Unique Envelope that made envelopes, and provided printing and lithographic services to commercial clients. In 1996 GSA began purchasing envelopes from Kozbiel's business. GSA continued to purchase envelopes from Kozbiel's business until 1998 when GSA failed to make certain payments for envelopes. Unique has brought the instant suit claiming that GSA made misrepresentations to induce Kozbiel's business to continue shipping envelopes without making payments for them. GSA has brought a counterclaim based on allegations that Kozbiel's business missed certain delivery dates and thus GSA suffered damages. In November of 1998, after the alleged wrongdoing, Kozbiel's sole proprietorship was incorporated as Unique Envelope Corporation and Unique is pursuing the instant action based upon its contention that Kozbiel assigned to Unique all claims that Kozbiel had against GSA.

## DISCUSSION

### I. Motion to Dismiss the Second Amended Counterclaim

Unique asks this court to dismiss the second amended counterclaim pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). Rule 37(b) provides that a court can dismiss a claim as a sanction if a party "fails to obey an order to provide or permit discovery...." Fed. R. Civ. P. 37(b)(2). Rule 41(b) states that a court may dismiss a claim "[f]or failure of the plaintiff to prosecute or to comply ... with any order of court...." Fed. R. Civ. P. 41(b). Unique argues that we should dismiss the counterclaim as a sanction because GSA allegedly failed to respond to Unique's interrogatories and document requests relating to the counterclaim and GSA allegedly

2

withheld information from Unique. Unique also argues that we should dismiss the counterclaim because this court ordered GSA to provide an itemization of damages pertaining to the counterclaim and GSA failed to comply with that order. The amended counterclaim was filed on September 20, 2001. On January 4, 2002, Unique filed a motion to compel responses to its interrogatories and to compel GSA to produce an itemization of damages pertaining to the counterclaim. On January 8, 2002, Judge Schenkier, who had been referred the case for discovery supervision, granted Unique's motion to compel and ordered GSA to provide responses to Unique's interrogatories and an itemization of damages on or before January 22, 2002. Now, two years after the discovery was due for production and a week before the trial date, Unique is complaining that it did not receive the requested discovery due on January 22, 2002. We are satisfied with GSA's documentation concerning damages and there is insufficient evidence that GSA withheld information to warrant sanctions. Thus, the appropriate course at this point is to proceed to trial on the counterclaim.

We also note that if Unique thought that more discovery should have been forthcoming after the January 22, 2002 due date, then it should have come forth long ago. Unique claims that the unfairness and inequity of dismissing the counterclaim is "GSAmerica's own making." We disagree. By waiting two years to pursue this point, the inequity is Unique's creation. Even if Unique could show that GSA did not fully comply with the January 8, 2002, order, we would decline to order a dismissal as a sanction because it is not appropriate in this instance. Such a sanction is reserved only for the most serious violations. We are not required under Rule 37(b) or 41(b) to dismiss the counterclaim or for that matter issue any sanctions against GSA for a failure to fully comply with the January 8, 2002 order. Had Unique come before the court

alleging non-compliance with the order shortly after the January 22, 2002 deadline, the court could have considered issuing lesser sanctions against GSA and given it an opportunity to comply with the order before proceeding to the drastic step of dismissing the counterclaim. Therefore, any disadvantage to Unique from having to deal with the counterclaim at trial is the result of Unique's failure to pursue its discovery requests in a timely fashion.

Unique also attempts to argue in its memorandum that we should grant the motion to dismiss because of the "frivolousness of [GSA's] counterclaim" and argues that GSA fails to state a proper counterclaim because it is not a proper defendant for the counterclaim. Unique brought the motion to dismiss pursuant to Rules 37(b) and 41(b) seeking a dismissal as a sanction based on GSA's alleged failure to comply with this court's order. If Unique believed that the counterclaim failed to state a proper claim then Unique could have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that it is not a proper defendant for the counterclaim. However, Unique chose not to do so.

In Unique's reply for the motion to dismiss Unique shifts its arguments and also argues that we should dismiss the counterclaim based on the summary judgment standard. Unique states in its reply that "[b]ased upon the uncontested facts and as a matter of law, this Court cannot enter a judgment against Unique Envelope Corporation on GSAmerica's Counterclaim." This argument, as with the failure to state a claim argument, is inappropriate for the instant motion to dismiss which is solely seeking a dismissal as a sanction against GSA because of an alleged failure by GSA to comply with the court's order. Unique could have filed a motion for summary judgment or a motion for judgment on the pleadings on the counterclaim, and made the above argument, but again, Unique failed to do so. Also, any such dispositive motion would be

4

untimely at this juncture. Now, over two years later and a week before trial, Unique asks this court to simply discard the counterclaim because it is baseless, there is insufficient evidence to support the counterclaim, and thus, it would be a waste of time for the court to deal with the counterclaim at trial. Such a judicial action is not in accordance with federal procedural rules and Unique's request is improper. Therefore, we deny the motion to dismiss the amended counterclaim.

II. Motion to Bar Defendants From Challenging the Validity of the Assignment

Unique asks this court to bar Defendants from challenging the validity of Kozbiel's alleged assignment of all his claims, debts, and obligations to Unique. Defendant GSA has not responded to this motion. Defendant Frank Rosenberg ("Rosenberg") argues that he should be able to challenge the validity of the assignment because if he can show that Kozbiel did not have a valid claim before the assignment then a valid claim could not have been assigned to Unique. We agree with Unique that Rosenberg is simply attempting to argue the merits of the case in a circuitous manner and that this issue will ultimately be decided at trial when we determine whether Unique has a claim against GSA.

The second basis for Rosenberg's challenge of the assignment is a more serious matter. Rosenberg makes accusations against Kozbiel and possibly opposing counsel. Rosenberg refers to the "suspect nature of the [assignment] document produced and the manner in which it was produced" and accuses Plaintiffs of conspiring to create a fake assignment document after the case had been filed and then producing the document after discovery and falsely passing it off as though it had been executed prior to the commencement of this lawsuit. Rosenberg claims that

5

the assignment document was produced "well after the close of discovery," it is undated, no mention of an assignment or transfer of rights was made until the filing of the first amended complaint nearly two years after the filing of the initial complaint, and the language in the assignment document "mirrors the allegations in the complaint." We also note that the only signatures on the document are that of Kozbiel in his individual capacity and in his capacity as president of Unique.

This is not an appropriate matter to be debated at trial. If a party attempted to commit a fraud upon the court and manufactured false evidence during discovery, that would be a separate offense. The fraud upon the court has no direct relation to the underlying complaint or the underlying trial and it should be dealt with separately. The fraud upon the court impacts the underlying case only to the extent that any such falsified evidence must be excluded from the trial and because of the fraud, sanctions may be warranted in the underlying case.

Rosenberg also argues that it is relevant when the assignment was made because if the assignment was not made before the commencement of the instant lawsuit, then Unique did not have standing to bring the instant suit. Unique does little to clarify this issue. In its reply to these accusations of deception it very carefully avoids stating exactly when the assignment was made by Kozbiel. The only hint as to when the assignment was made is that it was sometime "after the incorporation" of Unique. Unique admitted in its response to interrogatories that the assignment document itself was not executed until August 12, 2002, well after this lawsuit commenced. However, Unique points out that the assignment document does not state that the assignment was necessarily made on the day it was signed. Unique also theorizes that the assignment could have been made without a document and that the assignment document could be simply a

memorialization of a prior assignment. One would think that since Kozbiel is the president of Unique that Unique would not need to speculate about such matters. However, regardless of these vagaries, the assignment was apparently made at the very latest on August 12, 2002. Thereafter on September 5, 2002, Unique filed a first amended complaint and included allegations that Kozbiel assigned the claims. Therefore, we shall consider any irregularities to have been corrected as of the filing of the first amended complaint and Unique clearly had standing to bring this action when it filed the first amended complaint. Therefore, since Rosenberg has not even suggested that he has a reason why the assignment was defective and he has not produced any legitimate reason why he should be allowed to challenge the validity of the assignment at trial, we grant Unique's motion to bar Defendants from challenging the validity of the assignment at trial.

We will not pursue the allegations of deception by Plaintiffs at this junction for several reasons. First of all, Rosenberg's allegations are made only indirectly and in vague and general terms. Before this court will entertain such serious accusations against Plaintiffs, Rosenberg must supply hard facts to the court. Secondly, Unique admitted in its response to interrogatories that the assignment document was not executed until August 12, 2002, after this lawsuit commenced and thus it does not appear that, at least at the time that Unique responded to the interrogatories, that Unique was planning to pass the document off as though it had been executed prior to the commencement of the lawsuit. The fact that Unique did not produce the assignment document until after discovery closed is still unexplained. However, as we stated above, Rosenberg must supply more facts and evidence to the court before the court will pursue such serious allegations.

7

## III. Motion for Expenses

Unique claims that it served Defendants with a request for admissions in accordance with Federal Rule of Civil Procedure 36. Defendants did not admit to certain facts and Unique contends that it is entitled pursuant to Federal Rule of Civil Procedure 37(c)(2) to expenses that it incurred in proving the facts true, including reasonable attorneys fees. We agree with Defendants that Unique's motion for expenses is too concise and fails to elaborate as to what requested admissions Unique expects to prove true. Unique also fails to indicate what evidence it will use to prove the facts true or indicate the expenses incurred. In addition, Unique has failed to even address in its motion why none of the four reasons in Rule 37(c)(2) that would allow Defendants to refuse to admit facts without being obligated to pay expenses are applicable. Therefore, we deny the motion for expenses without prejudice.

## CONCLUSION

Based on the foregoing analysis, we deny Unique's motion to dismiss the second amended counterclaim and grant Unique's motion to bar Defendants from challenging the validity of the assignment at trial. We deny the motion for expenses without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 9, 2004

8